UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOGINDER SINGH,

       Petitioner,

v.

WARDEN DESERT VIEW FACILITY, et al.,

       Respondents.

Case No. 5:26-cv-01831-ODW-KES

REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

This Report and Recommendation ("R&R") is submitted to the Honorable Otis D. Wright, II, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1) challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Respondents answered the Petition by stating that they "are not presenting an opposition argument at this time." (Dkt. 9.) The Court should therefore grant the relief

1

sought in the Petition.

Because the undersigned does not expect either party to file any objections to this R&R, and because Petitioner would be irrevocably prejudiced by any unnecessary delay, the objections period is hereby waived. See generally Tripati v. Drake, 908 F.2d 977 (9th Cir. 1990) (table) ("The district court … need not afford the parties the full amount of time allotted in" 28 U.S.C. § 636(b)(1), because this is "a maximum not a minimum."); see also United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978), cert. denied, 435 U.S. 955 (1978).

IT IS THEREFORE RECOMMENDED that the District Court issue an Order:

1.   Approving and accepting this R&R;

2.   Directing that Judgment be entered granting the Petition;

3.   Awarding the relief sought in the Petition,[1] which is as follows:

a.   Declare that Petitioner's re-detention without notice and an opportunity to be heard violates the Due Process Clause of the Fifth Amendment;

b.   Declare that Petitioner's ongoing detention without a bond hearing violates the Due Process Clause of the Fifth Amendment; and

c.   Order Respondents to immediately release Petitioner from DHS custody under the same conditions that existed prior to his re-detention.

DATED:  April 22, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel must file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).

2